UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMSON DISTRIBUTING, INC.,
a Florida corporation,

       Plaintiff,

v.                                Case No.  8:07-cv-290-T-24-MSS

LAWRENCE KREGER et al.,

       Defendant.
_____/


**ORDER**

       This cause comes before the Court on Defendant's Motion to Dismiss Counts Five and

Six of Plaintiff's Complaint and to Strike Paragraphs 4.9 through 4.14 of the Complaint (Doc.

No. 11).  Plaintiff Samson Distributing, Inc. ("Plaintiff") opposes this motion (Doc. No. 12).

**I.**       **Background**

       Plaintiff is a seller of dietary and nutritional supplements (Pl. Cmpl. ¶ 1.1), and has the

following trademarks on its nutritional supplements: D-BOL ®, WINNI-V ®, and ANODROL ®

(Pl. Cmpl. ¶ 1.1).  Plaintiff also uses the mark DECA NOR 50 in its products (Pl. Cmpl. ¶ 1.1).

On or about September 15, 2006, Defendant Lawrence Kreger ("Defendant") began using the

following marks in connection with sales of Defendant's own dietary and nutritional

supplements: D-BOLON, WINSTRALL-V, ANADROLIN, and DECA-50 (the "Infringing

Marks") (Pl. Cmpl. ¶ 1.3).  Defendant offered his products on the following Internet websites:

www.bulking-cutting.com and www.oregon-labs.com (Pl. Cmpl. ¶ 1.2).

       On February 15, 2007, Plaintiff filed a complaint against Defendant, alleging that the D-

BOL ®, WINNI-V ®, ANODROL ®, and DECA NOR 50 marks (the "Samson Marks") are vital

to Plaintiff's business, and that unless Defendant is immediately restrained and enjoined from

further use of the Infringing Marks, Plaintiff will be irreparably harmed (Pl. Cmpl. ¶ 1.4).

Specifically, Plaintiff alleges the following federal law actions under the Lanham Act, 15 U.S.C.

§ 1051 et seq.: (1) trademark infringement; (2) unfair competition; and (3) trademark dilution

(Doc. No. 1).  Plaintiff also alleges two state law claims: (1) trademark dilution under Florida

Statute section 495.151 et seq.; and (2) deceptive and unfair trade practices under Florida Statute

section 501.201 et seq. (Doc. No. 1).  In response, Defendant filed the instant motion to dismiss

and motion to strike.

## II.    Standards of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959,

962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon

which he bases his claim.  All that is required is "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6)

motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the

allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the

allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir.

1986).

In deciding a motion to strike, Federal Rule of Civil Procedure 12(f) provides that the

Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken

from a pleading.  However, "[a] motion to strike will 'usually be denied unless the allegations

have no possible relation to the controversy and may cause prejudice to one of the parties.'"

Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla.

1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

## III.   Discussion

Defendant moves this Court to dismiss Counts Five and Six of Plaintiff's complaint, and

also to strike Paragraphs 4.9 through 4.14 of Plaintiff's complaint.

### A.   Count Five: Trademark Dilution

Count Five of Plaintiff's complaint alleges that Defendant's use of the Infringing Marks

constitutes trademark dilution under Florida's Anti-Dilution Act, Florida Statute section

495.151.  Plaintiff alleges that on September 15, 2006, Defendant began using the Infringing

Marks in the sale of Defendant's dietary and nutritional supplements.  On September 15, 2006,

Florida Statute section 495.151 stated the following:

> Every person, association, or union of workers adopting and using a mark,
> trade name, label or form of advertisement may proceed by suit, and all
> courts having jurisdiction thereof shall grant injunctions, to enjoin subsequent
> use by another of the same or any similar mark, trade name, label or form of
> advertisement if it appears to the court that there exists a likelihood of injury
> to business reputation or of dilution of the distinctive quality of the mark, trade
> name, label or form of advertisement of the prior user, notwithstanding the
> absence of competition between the parties or of confusion as to the source
> of goods or services.

Emphasis added.  Defendant argues that it is well settled in Florida that "[u]nlike trademark or

trade dress infringement claims, the Florida Anti-Dilution Act is not intended to apply to the use

of a similar mark on similar goods."  Portionpac Chemical Corporation v. Sanitech Systems,

Inc., 210 F. Supp. 2d 1302, 1310 (M.D. Fla. 2002).  Defendant contends that the dilution concept

is meant to apply to the use of similar marks on dissimilar products.  In Portionpac, the court

stated that the Florida Anti-Dilution Act did not apply to marks being used on goods of substantially the same descriptive properties.  Id. (citing Community Fed. Savings & Loan Assoc. v. Orondorff, 678 F.2d 1034, 1037 (11th Cir. 1982)).  Recently, however, the Florida Legislature amended Florida Statute section 495.151, and effective as of January 1, 2007, it now tracks the Federal Trademark Dilution Act, 15 U.S.C. § 1125.[1]  The Federal Trademark Dilution Act differs from the previous version of the Florida Anti-Dilution Act in that it does apply to marks being used on goods of substantially the same descriptive qualities.  See Portionpac, 210 F. Supp. 2d at 1310.

Plaintiff argues that it has stated a valid claim under both the previous and current versions of Florida Statute section 495.151, but the Court is not convinced.  As to the previous version of Florida's Anti-Dilution Act, the Court finds that cases with substantive analyses of the statute hold it applicable only to similar marks on *dissimilar* products.  See Portionpac, 210 F. Supp. 2d at 1310; Monsanto Company et al. v. Campuzano, 206 F. Supp. 2d 1252, 1268 (S.D. Fla. 2002); Jaguar Cars Ltd. v. Skandrani, 771 F. Supp. 1178, 1185 (S.D. Fla. 1991); and Community Fed. Savings and Loan Assoc. v. Orondorff, 678 F.2d at 1037.  Although some cases have held that the previous version of the Florida Anti-Dilution Act was applicable to similar marks on similar products, the Court finds these cases unpersuasive in light of their lack of substantive statutory analyses.  See Stiefel Laboratories, Inc. v. Galenium USA, LLC, 2006 U.S. Dist. LEXIS 43970, *3 (S.D. Fla. May 2, 2006); Babbit Electronics, Inc. v. Dynascan Corp., 38 F.2d 1161, 1182 (11th Cir. 1994).  The Court finds that both Plaintiff's products and Defendant's

---

[1]The amendment to Florida Statute section 495.151 was approved by the Florida Governor on June 12, 2006, and went into effect on January 1, 2007.

products are goods of substantially the same descriptive qualities (dietary and nutritional supplements), and thus holds that the previous version of Florida Statute section 495.151 is not applicable to the instant case.  As such, Defendant's motion to dismiss Count Five of Plaintiff's complaint is granted with regard to acts that occurred before January 1, 2007, when the previous version of Florida Statute section 495.151 was still in effect.

The Court also finds that Plaintiff has alleged a valid state dilution claim with respect to acts that occurred after the amended version of the Florida Anti-Dilution Act became effective. As previously stated, Florida's trademark dilution statute now tracks the Federal Trademark Dilution Statute, 15 U.S.C. § 1125.  The Federal Trademark Dilution Statute permits claims for trademark dilution where similar marks are being used on goods of substantially the same descriptive qualities.  See Portionpac, 210 F. Supp. 2d at 1310.  The Court has been unable to find case law interpreting the current version of Florida Statute section 495.151, but finds that at this early stage, granting Defendant's motion to dismiss would be imprudent.  Because Plaintiff's complaint alleges that Defendant's dilution of the Samson Marks is an ongoing harm, the Court holds that Defendant's motion to dismiss Count Five of Plaintiff's complaint is denied with regard to acts that occurred after December 31, 2006, when the amended version of Florida Statute section 495.151 became effective.

### B.      Count Six: Deceptive and Unfair Trade Practices

Count Six of Plaintiff's complaint alleges that Defendant's use of the Infringing Marks constitutes deceptive and unfair trade practices, in violation of Florida Statute section 501.201 et seq.  Defendant argues that Plaintiff cannot maintain a cause of action under Florida's Deceptive and Unfair Trade Practices statute ("DUTPA") because Plaintiff is a competitor and not a

consumer.  The Court rejects this argument.

Florida Statute section 501.211 states that:

(1)     Without regard to any other remedy or relief to which <u>a person</u> is entitled,
        <u>anyone</u> aggrieved by a violation of this part may bring an action to obtain
        a declaratory judgment that an act or practice violates this part and to enjoin
        a person who has violated, is violating, or is otherwise likely to violate this
        part.

(2)     In any action brought by <u>a person</u> who has suffered a loss as a result of a violation
        of this part, such <u>person</u> may recover actual damages, plus attorney's fees and
        court costs as provided in s. 501.2105 . . ..

<u>Emphasis added.</u>  The Court finds it significant that, effective July 1, 2001, the Florida

Legislature amended section 501.211(2) from reading "[i]n any action brought by a consumer"

to "[i]n any action brought by a person."  Before this amendment, courts had determined that

competitors could only seek declaratory relief under section 501.211(1), because section

501.211(2) only permitted consumers to seek damages.  <u>See</u> <u>Niles Audio Corp. v. OEM Systems</u>

<u>Company, Inc.</u>, 174 F. Supp. 2d 1315, 1319 (S.D. Fla 2001) (citing <u>Big Tomato v. Tasty</u>

<u>Concepts, Inc.</u>, 972 F. Supp. 662, 664 (S.D. Fla. 1997); and <u>Klinger v. Weekly World News,</u>

<u>Inc.</u>, 747 F. Supp. 1477, 1480 (S.D. Fla. 1990)).  The Court finds that the Florida Legislature's

replacement of the word "consumer" with the word "person" demonstrates an intent to allow a

broader base of complainants, including competitors such as Plaintiff, to seek damages.  <u>Id.</u>

Accordingly, the Court finds that Plaintiff may bring a claim for both declaratory relief and

damages under Florida's DUTPA statute, and Defendant's motion to dismiss Count Six of

Plaintiff's complaint is denied.

### C.      Paragraphs 4.9 to 4.14: Defendant's Prior Infringement

Paragraphs 4.9 to 4.14 of Plaintiff's complaint refer to Defendant's alleged infringement

of the Samson Marks that occurred in 2005.  Defendant argues that because Plaintiff does not

allege a claim for relief based on the 2005 infringement, paragraphs 4.9 to 4.14 are impertinent

and immaterial to the instant case, and should therefore be striken.   Federal Rule of Civil

Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent,

or scandalous matter" be stricken from a pleading.  Plaintiff contends that the paragraphs at issue

are, in fact, relevant to the instant case.  Plaintiff argues that paragraphs 4.9 to 4.14 are relevant

to the issue of damages, because under 15 U.S.C. § 1117(b), the Court may award treble

damages in cases involving intentional infringement.  See 15 U.S.C. § 1117(b).  The Court finds

that the facts alleged in paragraphs 4.9 to 4.14 tend to show Defendant's knowledge of his

infringing actions, and thus are relevant to Plaintiff's claim for treble damages.  Therefore,

Defendant's motion to dismiss paragraphs 4.9 to 4.14 of Plaintiff's complaint is denied.

**IV.**   **Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Defendant's motion to dismiss Count Five of Plaintiff's complaint is GRANTED

as to acts occurring before January 1, 2007, and DENIED as to acts occurring

after December 31, 2006.

(2)   Defendant's motion to dismiss Count Six of Plaintiff's complaint is DENIED.

(3)   Defendant's motion to strike paragraphs 4.9 to 4.14 of Plaintiff's complaint is

DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of August, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record